UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ELIOT S. SASH, as an Individual, Pro Se,
and as Next Best Friend On Behalf of
ANNMARIE ROSE SASHE, an infant,
ROSLYNNE L. SASHE, as an Individual, Pro Se, and
JAMES L. SASHE, as an Individual, Pro Se,



                                            Plaintiffs,

   -against-

THE CITY OF NEW YORK (NYC), NYC                               04-CV-0976 (ENV)
ADMINISTRATION OF CHILDREN'S SERVICES (ACS),
FORMER MAYOR RUDOLPH GUILIANI, NYC
CORPORATION COUNSEL MICHAEL HESS, NYC
SPECIAL ASST. CORP. COUNSEL GERALD HARRIS,
FORMER ACS COMMISSIONER NICHOLAS SCOPPETTA,
ACS DEPUTY COMMISSIONER DEBRA GRAY,
ACS CASE MANAGER VANESSA THOMPSON,
ACS TOP LEVEL SUPERVISOR HARRIS,
ACS FIRST SUPERVISOR DENISE JOHNSON,
ACS SECOND SUPERVISOR SAMUEL MONAH,
FORMER ACS CASE WORKER KENDRE MORAN,
ACS CASE WORKER MS. OCOMPADO, FORMER ACS
SPECIAL ASST. CORP. COUNSEL LISA EULAU,
ACS ATTORNEY MS. BEVENEER, ACS ATTORNEY
ANTHONY FERRARA, THE STATE OF NEW YORK (NYS),
NYS DEPARTMENT OF SOCIAL SERVICES (NYS-DSS),
NYS-DSS CHILD PROTECTIVE SERVICES (NYS-DSS-CPS),
NYS OFFICE OF CHILDREN AND FAMILY SERVICES (OCFS),
NYS CHILD ABUSE AND MALTREATMENT REGISTER (SCR),
SCR DIRECTOR DAVID R. PETERS, NYS-DSS-CPS PRIMARY
CHARLES LITTLE, NYS-DSS-CPS WORKER JEANNE BAKER,
NYS-DSS-CPS ECS WORKER M. ONEAL, UNIT 578,
NYS-DSS-CPS PRIMARY CAROLE V. AMAKER,
NYS-DSS-CPS WORKER CARA KORN, NYS-DSS-CPS WORKER
LINDA SLOVACKPRICE, NYS-DSS-CPS PRIMARY MARILYN
MEISEL, NYS-DSS-CPS WORKER LAURIE SMITH, NYS
FAMILY COURT JUDGE FRAN LEBOW, NYS FAMILY COURT
JUDGE CAROL A. STOKINGER, NYS FAMILY COURT JUDGE
BARBARA SALINITRO, WESTCHESTER COUNTY D.A.
WORKER MYRA MARQUEZ, YONKERS (NY) POLICE DEPT.
OFFICER ROZZI, BADGE #121, ATTORNEY TOBA STUTZ,
ATTORNEY DUDLEY GAFFIN, ATTORNEY MARGARET MAYO,
THE LAW FIRM OF GAFFIN & MAYO, P.C., and DOES 1 TO 25,
all above in their Official Capacities and all above as Individuals,

                                           Defendants.

-----------------------------------------------------------------x

VITALIANO, United States District Judge:

**MEMORANDUM AND ORDER**

On March 18, 2004, plaintiff Eliot R. Sash, incarcerated at the Metropolitan Detention Center in Brooklyn, commenced this *pro se* action on behalf of himself, his granddaughter Annmarie Rose Sashe, and two of his children, Roslynne Sashe and James L. Sashe. The action was brought against approximately 40 defendants involved in a New York State Family Court action in which plaintiff and his wife were falsely accused of neglecting their infant daughter.

By order dated June 25, 2004, the Honorable Nicholas G. Garaufis[1] dismissed all the claims against 24 of the defendants and directed plaintiff to submit an affidavit, within 60 days, stating the age and date of birth of Roslynne and James Sashe and to obtain counsel to represent his minor granddaughter Annmarie. By order dated November 16, 2006, the Court denied plaintiff Eliot Sash's request for reconsideration of the June Order, but extended the deadline for 90 days in order to obtain counsel for Annmarie. On November 21, 2004, plaintiff Eliot Sash provided the dates of birth for Roslynne and James,[2] who are not minors, but admitted that he was having difficulty obtaining counsel for his minor granddaughter.

More than one year has elapsed since that time and plaintiff Eliot Sash has not obtained counsel for his minor granddaughter Annmarie Rose Sashe. Accordingly, any claims related to or brought on behalf of Annmarie Rose Sashe are hereby dismissed without prejudice. See Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) ("We have specifically held that a 'non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.'") (quoting Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).

---

[1] On March 23, 2006, the case was assigned to the undersigned.

[2] Roslynne L. Sashe was born on September 22, 1982 and James L. Sashe was born on November 19, 1983.

Moreover, it is unclear whether Roslynne L and James L. Sashe are proper plaintiffs in this case. Neither Roslynne nor James signed the complaint as required under Rule 11 of the Federal Rules of Civil Procedure. Furthermore, the Court has not heard from either Eliot Sash, Roslynne L. Sashe or James L. Sashe in over a year. Because it is not clear whether Roslynne L. Sashe and James L. Sashe are plaintiffs in this case and, if so, whether this case has been abandoned by any one or more of the plaintiffs, the Court hereby directs each plaintiff named in the caption, with the exception of Annmarie R. Sashe, to show cause why the case should not be dismissed for failure to prosecute. Each plaintiff shall submit to the Court, within 30 days from the date of this Order, a separate affidavit[3] setting forth that he or she is prepared to proceed with the case along with a current address.

If plaintiffs fail to comply with this Order within the time allowed, the case shall be dismissed for failure to prosecute. Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir.1994) ("It is well established that a district court has the power to dismiss an action for failure to prosecute") (citing cases). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
April ___, 2006

SO ORDERED.

_____
Eric N. Vitaliano
United States District Judge

---

[3] The affidavit is a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.

3