UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ELIOT S. SASH; ROSLYNNE L. SASHE; JAMES L. SASHE,

         Plaintiffs,

  -against-

THE CITY OF NEW YORK, et al.,

         Defendants.
----------------------------------------------------------------x

MEMORANDUM AND ORDER

04-CV-0976 (ENV) (LB)

VITALIANO, D.J.

On January 18, 2008, Magistrate Judge Lois Bloom issued a Report and Recommendation that defendants' motion to dismiss be granted. On February 28, 2008, plaintiff Eliot Sash, proceeding *pro se*, filed timely objections to Judge Bloom's Report and Recommendation.[1] Defendants have not filed a response. After careful consideration of plaintiff's objections, and for the reasons stated below, this Court adopts Judge Bloom's Report and Recommendation in its entirety as the opinion of the Court.[2]

## DISCUSSION

1. Background

*Pro se* plaintiff Eliot S. Sash ("Sash"), and his two children, Roslynne L Sashe and James L Sashe, brought this action on March 18, 2004, asserting claims against the City of New York, NYC Administration of Children's Service and eight of its former and current employees, former Mayor Rudolph Guliani, the former Corporation Counsel of the City of New

---

[1] On February 5, 2008, the Court granted plaintiff's motion for an extension of time to file objections to Magistrate Judge Bloom's Report and Recommendation.

[2] This case was previously assigned to Judge Garaufis. It was reassigned to this Court on March 23, 2006.

York, Michael Hess, Gerald Harris, Mayra Marquez, in her individual and official capacity as an employee of Westchester County, and Yonkers Police Officer Rozzi.[3] Plaintiffs allege that their constitutional rights were violated by defendants' conduct relating to the investigation and prosecution of child-neglect charges against Sash and his wife, Joyce Garland-Sash (Garland-Sash), spanning from December 1999 to March 2001.[4]

On May 28, 2004, two-months after this action was commenced, Sash's wife and their infant daughter, SGS, filed a nearly identical action, Garland-Sash v. City of New York, No. 04 CV 0301 (NGG), naming the same defendants and reciting substantially similar factual allegations. On September 1, 2005, Judge Garaufis granted defendants' motions to dismiss the complaint in that case on the grounds that most of the federal claims against the City defendants were time-barred and that the remaining claims failed under 42 U.S.C. § 1983. Garland-Sash v. City of New York, No. 04 CV 0301 (NGG), 2005 WL 2133592 (E.D.N.Y. Sept. 1, 2005).[5]

Motions to dismiss were subsequently filed in this action. This Court referred the motions to Magistrate Judge Bloom and, on January 18, 2008, Magistrate Judge Bloom issued her Report and Recommendation that the Court grant the motions to dismiss and that it dismiss this action in its entirety.

---

[3] Plaintiffs also brought claims against 24 additional defendants, which were all dismissed by Judge Garaufis in his Memorandum and Order dated June 24, 2004.

[4] Joyce Garland Sash is Sash's second wife, and stepmother to plaintiffs Roslynne and James Sashe. (See 11/21/2004 Aff. of Eliot Sash.)

[5] Judge Garaufis also found that Garland-Sash's claims against the City under 42 U.S.C. §§ 1985, 1986, and 1988, were without merit and that her state law claims were time-barred. Id. at *5. The Court dismissed the claims against Westchester County and Mayra Marquez because Garland-Sash failed to state a deprivation of her federal rights and "failed to affirmatively plead that she filed a Notice of Claim against the County or Marquez, as required under New York law." Id.

2. Standard of Review

In reviewing the Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b).

3. Plaintiffs' Objections

In her January 18, 2008 Report and Recommendation, Judge Bloom recommended that this action be dismissed on the ground that plaintiffs' claims are barred by res judicata and collateral estoppel. Bloom Rep. and Rec.[2] at 2. More specifically, Judge Bloom held that Judge Garaufis' disposition of Garland-Sash v. City of New York, No. 04 CV 0301 (NGG), precluded plaintiffs' claims because Garland-Sash (a) involved an adjudication on the merits, (b) involved parties in privity with plaintiffs in this case, and (c) asserted the same claims as presented in this case. Bloom Rep. and Rec. at 10-11. Judge Bloom also held, in the alternative, that collateral estoppel applies because "the identical factual and legal issues have already been raised in the Garland-Sash complaint and have been actually litigated and decided." Bloom Rep. and Rec. at 12.

Plaintiffs do not dispute that all of the elements for the application of res judicata and collateral estoppel are met in this case. Rather, they argue that Judge Garaufis's decision in Garland-Sash was incorrect, and that res judicata and collateral estoppel cannot, therefore,

---

[2] "Bloom Rep. and Rec." refers to the Report and Recommendation issued by Magistrate Judge Lois Bloom on January 18, 2008, pursuant to the September 19, 2007 referral of defendants' motion to dismiss.

apply.[6] This objection, however, is unavailing. It is well-settled that the res judicata or collateral estoppel consequences of a final judgment on the merits are not altered by the fact that the earlier judgment might have been wrong, see Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Laaman v. United States, 973 F.2d 107, 112 (2d Cir. 1992) ("Collateral estoppel does not turn upon a determination that a prior ruling was correctly rendered."); Friarton Estates Corp. v. City of New York, 681 F.2d 150, 158 (2d Cir. 1982) ("Res judicata protects wrong decisions as fully as right ones."), and that "[r]es judicata and collateral estoppel apply even in the face of a claim that the prior judgment was erroneous." Archie Comic Publ'ns, Inc. v. DeCarlo, 258 F. Supp. 2d 315, 327 (S.D.N.Y. 2003). Indeed, "indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." Reed v. Allen, 286 U.S. 191, 201 (1932); see Mitchell v. Nat'l Broad. Co., 553 F.2d 265, 272 (2d Cir. 1977) ("The doctrine of res judicata does not depend on whether the prior judgment was free from error. Otherwise, judgments would have no finality and the core rationale of the rule of res judicata repose would cease to exist." (internal citations omitted)). Thus, the objection is without merit since the Court will not, because it cannot, review Judge Garaufis's decision in Garland-Sash.

The Court finds no clear error in Judge Bloom's Report and Recommendation. Quite to the contrary, upon a thorough *de novo* review of the record and the argument, this Court is in full agreement with Magistrate Judge Bloom's finding that plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel and, therefore, concurs that dismissal is appropriate.

---

[6] According to Sash, "The Pro Se Plaintiffs agree with the Magistrate that *Res Judicata* would apply if [Garland-Sash] was correct."

## CONCLUSION

The Report and Recommendation of Magistrate Judge Lois Bloom is adopted in full as the opinion of the Court. For the reasons stated in the opinion, it is ordered that the motion to dismiss is granted and that the action is dismissed.

The Clerk is directed to close this case

SO ORDERED.

Dated: Brooklyn, New York
March 13, 2008

_____
ERIC N. VITALIANO
United States District Judge